**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 5 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Dale A. Martin, Jr. | ) | Case No. 11-33622 |
| | ) | |
| Debtor(s). | ) | Chapter 11 |
| | ) | |
| Ella M. Lee-Taylor, | ) | Adv. Pro. No. 11-3210 |
| | ) | |
| Plaintiff(s), | ) | Hon. Mary Ann Whipple |
| | ) | |
| v. | ) | |
| | ) | |
| Dale A. Martin, Jr., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER**

Plaintiff filed a Complaint to Determine the Dischargeability of Debt ("Complaint") on October 13, 2011. She is representing herself in this adversary proceeding. The documents she filed as her Complaint consisted of some handwritten pages and a number of other loose pages and documents, all of which the court is treating as the Complaint.

Defendant filed a motion to dismiss the Complaint. The motion was sent to an incorrect address and not properly served on Plaintiff. She received a copy of it from a neighbor who evidently received it in the mail. The court set the motion to dismiss for hearing to occur at the same time as the initial pretrial scheduling conference on the Complaint. At the hearing, Plaintiff waived the service defect on the motion and indicated that she was prepared to proceed with the hearing.

The basis for the motion as argued by Defendant is that Plaintiff filed her own Chapter 7 bankruptcy case on September 10, 2005, but did not list any cause of action against Defendant in her bankruptcy filing papers. Therefore, Defendant argues, not having disclosed a cause of action against Defendant in her own bankruptcy case, she is judicially estopped from filing the dischargeability Complaint against Defendant in his bankruptcy case.

Defendant brings his motion under Federal Rule of Civil Procedure 12(b)(6), which applies in this adversary proceeding under Federal Rule of Bankruptcy Procedure 7012, for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory."

*Id.*

The United States Supreme Court recently explained the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> . . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

The facts of Plaintiff's prior bankruptcy case are gleaned from outside the documents comprising her Complaint. Plaintiff does not, however, dispute that she filed for bankruptcy on September 10, 2005. Nevertheless, even if it is proper to take these facts into consideration in this procedural context, the court finds that taking all of Plaintiff's averments as true and viewing them in a light most favorable to her, as the court is required to do only in deciding a Rule 12(b)(6) motion, Plaintiff's Complaint survives a judicial estoppel argument and states a plausible basis for excepting the judgment owed to her from Defendant's discharge.

The genesis of the parties' dispute is a home improvement project that Plaintiff hired Defendant to perform in 2005 and that she asserts was never completed notwithstanding payments she made to Defendant. While documents comprising the Complaint show that the contract relationship between the parties developed before she filed her bankruptcy case, there is an argument based on other documents comprising the Complaint that the facts involving the fraud and

larceny/embezzlement that she asserts Defendant engaged in as to her project did not occur until after she filed her bankruptcy case. Plaintiff also argued at the hearing that she did in fact disclose claims against Defendant in her bankruptcy filing, but those arguments are also all based on documents outside the filed Complaint and hearsay statements as to what her former bankruptcy lawyer told her. The court cannot presently find from the four corners of her Complaint that the facts underpinning her claims herein and thus any claims for fraud or embezzlement/larceny debts she seeks to except from Defendant's bankruptcy discharge amounted to claims that should have been disclosed in her September 2005 bankruptcy filing to the extent they were not.

The court will deny the motion to dismiss without prejudice to asserting the judicial estoppel defense again in a different procedural context. Defendant's deadline for response to the Complaint will be set in a separate scheduling order to be entered by the court.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Adversary Case [Doc. # 6] is **DENIED** without prejudice to the arguments and defenses asserted therein.